IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THE C.W. ZUMBIEL CO.
D/B/A ZUMBIEL PACKAGING,
2100 Gateway Blvd., Hebron, KY 41048

ROBERT W. ZUMBIEL,
2100 Gateway Blvd., Hebron, KY 41048

THOMAS J. ZUMBIEL,
2100 Gateway Blvd., Hebron, KY 41048

      Plaintiffs,

        vs.

UNITED STATES DEPARTMENT
OF HEALTH AND HUMAN SERVICES,
200 Independence Avenue S.W.
Washington, D.C., 20201

KATHLEEN SEBELIUS, in her official
capacity as the Secretary of the United
States Department of Health and Human
Services,
200 Independence Avenue S.W.
Washington, D.C., 20201

UNITED STATES DEPARTMENT OF
THE TREASURY,
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220

JACOB J. LEW, in his official capacity as
the Secretary of the United States
Department of the Treasury,
1500 Pennsylvania Avenue, N.W.
Washington, D.C. 20220

UNITED STATES DEPARTMENT OF
LABOR,
200 Constitution Ave., N.W.
Washington, DC 20210

THOMAS E. PEREZ, in his official
capacity as Secretary of the United States

Civil No. _____

Judge _____

**COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF**

Department of Labor,
200 Constitution Ave., N.W.
Washington, DC 20210

     Defendants.


    Plaintiffs Zumbiel Packaging ("Zumbiel"), Robert W. Zumbiel and Thomas J. Zumbiel ("Owners") bring this complaint against Defendants United States Department of Health and Human Services, Kathleen Sebelius, United States Department of the Treasury, Jacob J. Lew, United States Department of Labor, Thomas E. Perez, and their successors in office, and in support thereof allege the following based on information and belief:

**INTRODUCTION**

    1.   Plaintiffs seek judicial review concerning Defendants' violations of Plaintiffs' constitutional and statutory rights in connection with Defendants' promulgation and implementation of certain regulations adopted under the Patient Protection and Affordable Care Act of 2010 (hereafter "Affordable Care Act"), specifically those regulations mandating that non-exempt employers include in employee health benefit plans coverage of certain goods and services, regardless of whether the provision of such coverage violates the employer's religious beliefs and moral values.

    2.   Plaintiffs ask the court for declaratory and injunctive relief from the operation of the Final Rule confirmed and promulgated by the Defendants on February 15, 2012, mandating that group health plans include coverage, without cost sharing, for "all Food and Drug Administration-approved contraceptive methods, sterilization procedures and patient education and counseling for all women with reproductive capacity" in plan years beginning on or after August 1, 2012 ("the Mandate") *see* 45 CFR § 147.130 (a)(1)(iv), as confirmed at 77 Fed. Reg. 8725 (Feb. 15, 2012), adopting and quoting Health Resources and Services Administration

2

("HRSA") Guidelines found at http://www.hrsa.gov/womensguidelines.

3.    Plaintiffs Robert W. Zumbiel and Thomas J. Zumbiel are adherents of the Catholic religion.  As the individuals with the controlling interest in Plaintiff Zumbiel, Plaintiffs Robert W. Zumbiel and Thomas J. Zumbiel wish to conduct their business in a manner that does not violate the principles of their religious faith.

4.    Plaintiffs have concluded that complying with the Mandate would require them to violate their religious beliefs because it would require them and/or the corporations they control to pay for, not only contraception and sterilization, but also abortion, because certain drugs and devices such as the "morning-after pill," "Plan B," and "Ella" come within the Mandate's and HRSA's definition of "Food and Drug Administration-approved contraceptive methods" despite their known abortifacient mechanisms of action.

5.    Plaintiffs contend that by requiring them to choose between conducting their business in a manner consistent with their religion, or paying ruinous fines and penalties, the Mandate violates their rights under the Religious Freedom Restoration Act and the First and Fifth Amendments to the United States Constitution and violates the Administrative Procedure Act.

## JURISDICTION AND VENUE

6.    This court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), and 1346(a)(2) because it is a civil action against agencies and officials of the United States based on claims arising under the Constitution, laws of the United States, and regulations of executive departments and it seeks equitable or other relief under an Act of Congress, and also pursuant to 28 U.S.C. § 1361, as this court may compel officers and agencies of the United States to perform a duty owed Plaintiffs.

7.    This court has jurisdiction to render declaratory and injunctive relief pursuant to 5

U.S.C. § 702, 28 U.S.C. §§ 2201-2202, 42 U.S.C. § 2000bb-1, and Federal Rules of Civil Procedure 57 and 65.

8.    Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(e) because Defendants reside in this district and a substantial part of the acts giving rise to Plaintiffs' claims occurred in this district.

9.    This court has the authority to award Plaintiffs their costs and attorneys' fees pursuant to 28 U.S.C. § 2412 and 42 U.S.C. § 1988.

## IDENTIFICATION OF THE PARTIES

10.    The Plaintiffs to this action are Zumbiel, Robert W. Zumbiel, and Thomas J. Zumbiel.

11.    Robert W. Zumbiel and Thomas J. Zumbiel are individuals and citizens of the States of Kentucky and Ohio, respectively, and the United States of America.

12.    Robert W. Zumbiel and Thomas J. Zumbiel each hold ownership stakes in Zumbiel, and together they own the controlling interest, and set the policies governing the conduct of all phases of Zumbiel's operations.

13.    Zumbiel is a closely-held and family-owned for-profit company. It has approximately three hundred fifty (350) full-time employees.

14.    Zumbiel's principal place of business is located at 2100 Gateway Blvd. in Hebron, Kentucky.  It is incorporated under the laws of the State of Ohio.

15.    Defendant United States Department of Health and Human Services (hereafter "HHS") is an agency of the United States and is responsible for the administration and enforcement of the Mandate.

16.    Defendant Kathleen Sebelius is Secretary of HHS and is named as a party only in her official capacity.

17.   Defendant United States Department of the Treasury is an agency of the United States and is responsible for the administration and enforcement of the Mandate.

18.   Defendant Jacob J. Lew is Secretary of the Treasury and is named as a party only in his official capacity.

19.   Defendant United States Department of Labor (hereafter "DOL") is an agency of the United States and is responsible for the administration and enforcement of the Mandate.

20.   Defendant Thomas E. Perez is Secretary of DOL and is named as a party only in his official capacity.

## FACTUAL ALLEGATIONS

21.   Robert W. Zumbiel and Thomas J. Zumbiel hold to the teachings of the Catholic Church regarding the sanctity of human life from conception to natural death. They sincerely believe that actions intended to terminate an innocent human life by abortion are gravely sinful.

22.   Robert W. Zumbiel and Thomas J. Zumbiel also sincerely believe in the Catholic Church's teaching regarding the immorality of artificial means of contraception and sterilization.

23.   Robert W. Zumbiel and Thomas J. Zumbiel manage and operate Zumbiel, a manufacturer of paperboard packaging for consumer goods, in a way that reflects the teachings, mission, and values of their Catholic faith, and they desire to continue to do so.

24.   Examples of how Plaintiffs further their religious beliefs and moral values include, but are not limited to, the following:

   a.   Zumbiel had excluded all forms of artificial birth control (both female and male) from coverage under its health care plans for as long as Zumbiel had provided health care insurance to its associates until being forced to do so by the Mandate's threat of ruinous fines and penalties.

b. Likewise, Zumbiel had excluded all forms of abortion, whether surgical or pharmacological, from coverage under its health care plans for as long as Zumbiel had provided health care insurance to its associates.

c. Zumbiel prohibits its sales representatives from accepting orders for packaging related to artificial birth control, e.g., condom boxes, and/or abortifacients.

d. Zumbiel suspends all business operations on major Catholic holidays such as Christmas and Easter regardless of the impact on profitability.

25. Zumbiel employees are covered by a group policy of health insurance. Like other non-cash benefits provided to employees, Plaintiffs consider the provision of employee health insurance an integral component of furthering their mission, values, and religious beliefs.

26. Plaintiffs believe they cannot arrange for, pay for, provide, or facilitate employee health plan coverage for contraceptives, sterilization, abortion, or related education and counseling without violating their sincerely-held religious beliefs and moral values.

27. The Mandate's direct violation of Catholic Faith is well recognized. For example, Cardinal Timothy Dolan, Archbishop of New York and President of the United States Conference of Catholic Bishops has written: "Since January 20 [2012], when the final, restrictive HHS Rule was first announced, we have become certain of two things: *religious freedom* is under attack, and we will not cease our struggle to protect it. We recall the words of our Holy Father Benedict XVI to our brother bishops on their recent *ad limina* visit: 'Of particular concern are certain attempts being made to limit that most cherished of American freedoms, the freedom of religion.' . . . We have made it clear in no uncertain terms to the government that we are not at peace with its invasive attempt to curtail the *religious freedom* we cherish as Catholics and Americans." (http://www.usccb.org., March 2, 2012). And Archbishop Charles J. Chaput, the

Archbishop of Philadelphia, has stated that the Affordable Care Act and Mandate seek "to coerce Catholic employers, private and corporate, to violate their religious convictions . . . [t]he HHS mandate, including its latest variant, is belligerent, unnecessary, and deeply offensive to the content of Catholic belief. . . ." (http://the-american-catholic.com/2012/02/14/archbishop-chaput-hhs-mandate-dangerous-and-insulting/, Feb. 14, 2012).

## APPLICABLE PROVISIONS OF THE MANDATE

28.   Under the Mandate being challenged herein and related Affordable Care Act provisions, an employer of fifty or more full-time employees, such as Plaintiffs, must offer, unless exempted, a group health plan to employees that includes coverage for all FDA-approved contraceptive methods, sterilization procedures, and related education and counseling. Failure to comply with the Mandate results in ruinous fines and penalties.

29.   "Grandfathered" health plans are exempted from the Mandate. Such plans were in existence as of the enactment of the Affordable Care Act on or about March 23, 2010, and have not since been materially changed.

30.   Plaintiffs' group health plan is not "grandfathered" as Zumbiel, in seeking to improve continually the quality of its associates' health care, materially changes components of its plan on an annual basis, and has done so as recently as March 31, 2013.

31.   On June 28, 2013, Defendants issued a Final Rule exempting "religious employers," which are defined as formal churches and religious orders "organized and operate[d]" as nonprofit entities and "referred to in section 6033(a)(3)(A)(i) or (iii) of the [Internal Revenue] Code." 78 Fed. Reg. at 39874.

32.   The Final Rule created a separate "accommodation" for certain non-exempt religious organizations. 78 Fed. Reg. at 39874.   To be eligible, an organization must: (1) "[o]ppose[]

7

providing coverage for some or all of the contraceptive services required"; (2) be "organized and operate[d] as a nonprofit entity"; (3) "hold[] itself out as a religious organization"; and (4) "self-certif[y] that it [has] satisfie[d] the first three criteria."  78 Fed. Reg. at 39874.

33.   The Final Rule extends the previous temporary enforcement safe harbor, giving non-profit employers with objections to covering contraceptive services through the end of 2013 to comply. 78 Fed. Reg. at 39889; 77 Fed. Reg. at 8725.

34.   Plaintiffs do not qualify as "religious employers," are not eligible for an accommodation, and cannot take advantage of the temporary enforcement safe harbor because of their for-profit status.

35.   Accordingly, the Mandate applies to Plaintiffs as they employ fifty or more full-time employees and are not otherwise exempted from the Mandate.

36.   The Mandate went into effect on August 1, 2012, for non-exempt for-profit employers, such as Plaintiffs, and the Mandate applied to the first health insurance plan-year starting after August 1, 2012.

37.   Plaintiff Zumbiel's group health plan is due for renewal on December 1, 2013. Plaintiff wishes to renew coverage for its employees while, at the same time, excluding coverage for all FDA-approved contraceptive methods, sterilization procedures and patient education and counseling regarding such procedures.

38.   Under the terms of the Mandate, Plaintiffs cannot obtain coverage that excludes the aforementioned drugs and services.  On the contrary, the Mandate requires Plaintiffs to violate their faith by providing their employees with coverage of those services that Plaintiffs consider sinful and immoral.

39.   Plaintiffs are thus subjected to the Mandate and have, so far, chosen to comply with its

requirements in violation of their religious beliefs, rather than deny health care insurance to their associates, or pay ruinous fines that would cripple their ability to survive economically.

40.   The Mandate coerces Plaintiffs into complying with its requirements or abandoning integral components of the Plaintiffs' religiously inspired mission and values.

41.   Plaintiffs lack an adequate or available administrative remedy or, in the alternative, any effort to obtain an administrative remedy would be futile.

42.   Plaintiffs lack an adequate remedy at law.

## CAUSES OF ACTION

## COUNT I

### Violation of the Religious Freedom Restoration Act

43.   Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 42 and incorporate those allegations herein by reference.

44.   Plaintiffs' sincerely held religious beliefs prevent them from arranging for, paying for, providing, or facilitating coverage for contraceptive methods, sterilization procedures, abortion, and patient education and counseling related to such procedures.

45.   The Mandate, by requiring Plaintiffs to provide such coverage, imposes a substantial burden on Plaintiffs' free exercise of religion by coercing Plaintiffs to choose between continuing to conduct their businesses in accordance with their religious beliefs and moral values or paying substantial annual fines and penalties to the government.

46.   The Mandate furthers no compelling governmental interest, nor is it necessary to prevent any concrete harm to such an interest.

47.   The Mandate is not narrowly tailored to furthering any compelling interest.

48.   The Mandate is not the least restrictive means of furthering Defendants' stated

interests.

49.   The Mandate and Defendants' threatened enforcement of the Mandate violate rights secured to Plaintiffs by the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, et seq.

50.   Absent injunctive and declaratory relief against the Mandate, Plaintiffs are suffering and will continue to suffer irreparable harm, and they request the relief set forth below in their prayer for relief.

## COUNT II

### Violation of the First Amendment's Free Exercise Clause

51.   Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 50 and incorporate those allegations herein by reference.

52.   Plaintiffs' sincerely held religious beliefs prevent them from arranging for, paying for, providing, or facilitating coverage for contraceptive methods, sterilization procedures, abortion, and patient education and counseling related to such procedures.

53.   The Mandate, by requiring Plaintiffs to provide such coverage imposes a substantial burden on Plaintiffs' free exercise of religion by coercing Plaintiffs to choose between continuing to conduct their businesses in accordance with their religious beliefs and moral values or paying substantial annual fines and penalties to the government.

54.   The Mandate is neither neutral nor generally applicable.

55.   The Mandate furthers no compelling governmental interest, nor is it necessary to prevent any concrete harm to such an interest.

56.   The Mandate is not narrowly tailored to furthering any compelling interest.

57.   The Mandate is not the least restrictive means of furthering the Defendants' stated interests.

58.   The Mandate and Defendants' threatened enforcement of the Mandate violate Plaintiffs' rights to the free exercise of religion as guaranteed by the First Amendment to the United States Constitution.

59.   Absent injunctive and declaratory relief against the Mandate, Plaintiffs are suffering and will continue to suffer irreparable harm, and they request the relief set forth below in their prayer for relief.

## COUNT III

### Violation of the First Amendment's Free Speech Clause

60.   Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 59 and incorporate those allegations herein by reference.

61.   The First Amendment protects organizations as well as individuals from being compelled to speak and from being compelled to subsidize the speech of others.

62.   Expenditures of money are a form of protected speech.

63.   The Mandate compels Plaintiffs to arrange for, pay for, provide, and facilitate coverage for education and counseling related to contraception, sterilization, and abortion, which is speech to which Plaintiffs' morally object.

64.   Plaintiffs believe that the aforementioned services, activities, and practices covered by the Mandate are contrary to their sincerely-held religious beliefs.

65.   The Mandate compels Plaintiffs to subsidize goods, services, activities, practices, and speech that Plaintiffs believe to be immoral and, thereby, violates Plaintiffs' right to be free from uttering, subsidizing, or supporting compelled speech with which Plaintiffs disagree on religious and moral grounds.

66.   The Mandate and Defendants' threatened enforcement of the Mandate violate

Plaintiffs' free speech rights as guaranteed by the First Amendment to the United States Constitution.

67. Absent injunctive and declaratory relief against the Mandate, Plaintiffs are suffering and will continue to suffer irreparable harm, and they request the relief set forth below in their prayer for relief.

## COUNT IV

### Violation of Equal Protection

68. Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 67 and incorporate those allegations herein by reference.

69. Numerous religious employers are exempted from the Mandate's requirement to provide the objected-to contraceptive services. 78 Fed. Reg. at 39874. This exemption extends to entities "organized and operate[d]" as nonprofit entities and "referred to in section 6033(a)(3)(A)(i) or (iii) of the [Internal Revenue] Code." Nonprofit organizations are defined as "churches, their integrated auxiliaries, and conventions or associations of churches," and "the exclusively religious activities of any religious order" that are exempt from taxation pursuant to 26 U.S.C. § 501(a).

70. Certain non-exempt religious organizations are also provided with a procedural accommodation for their religious beliefs. 78 Fed. Reg. at 39874. To be eligible, an organization must: (1) "[o]ppose[] providing coverage for some or all of the contraceptive services required"; (2) be "organized and operate[d] as a nonprofit entity"; (3) "hold[] itself out as a religious organization"; and (4) "self-certif[y] that it [has] satisfie[d] the first three criteria." *Id.*

71. Neither of these exemptions—the one that wholly excludes religious organizations or the one that procedurally alters the Mandate's contraceptive requirement to accommodate the

firmly held religious beliefs of non-profits entities—protect for-profit organizations like Zumbiel whose religious beliefs are likewise substantially burdened by the Mandate's contraceptive requirements.

72.   Like these other organizations, Zumbiel is religiously opposed to providing contraceptives as required by the Mandate, has as its mission to advance its religious beliefs in its community (here, the business community), and is the arm through which its constituents live out their religious beliefs in their communities.

73.   The law's failure to include organizations like Zumbiel in these exemptions, and to make Zumbiel comply when the exempted and accommodated organizations do not have to, is irrational and violates Plaintiffs' right to equal protection of the laws under the Fifth Amendment.

74.   Absent injunctive and declaratory relief against the Mandate, Plaintiffs are suffering and will continue to suffer irreparable harm, and they request the relief set forth below in their prayer for relief.

## **COUNT V**

### Violation of the Administrative Procedure Act

75.   Plaintiffs repeat and re-allege the allegations in paragraphs 1 through 74 and incorporate those allegations herein by reference.

76.   The Affordable Care Act expressly delegates to the Health Resources and Services Administration, which is an agency that is part of Defendant United States Department of Health and Human Services, the authority to establish "preventive care" guidelines that a group health plan and health insurance issuer must abide by.

77.   Given this express delegation, Defendants were obliged to engage in formal notice and

comment rulemaking as prescribed by law before Defendants issued the guidelines that group health plans and insurers must abide by.

78.   Proposed regulations were required to be published in the Federal Register and interested persons were required to be given a chance to take part in the rulemaking through the submission of written data, views, or arguments.

79.   Defendants promulgated the "preventive care" guidelines without engaging in the formal notice and comment rulemaking as prescribed by law. Defendants delegated the responsibilities for issuing "preventive care" guidelines to a non-governmental entity, the Institute of Medicine, which did not permit or provide for broad public comment otherwise required by the Administrative Procedure Act.

80.   Defendants also failed to engage in the required notice and comment rulemaking when Defendants issued the interim final rules and the final rule that incorporates the "preventive care" guidelines.

81.   The Mandate violates Section 1303(b)(1)(A) of the Affordable Care Act, which provides that "nothing in this title" "shall be construed to require a qualified health plan to provide coverage of [abortion] services . . . as part of its essential health benefits for any plan year." 42 U.S.C. § 18023(b)(1)(A)(i) (codification of Section 1303 of the Affordable Care Act).

82.   The Mandate violates the Religious Freedom Restoration Act as set forth in this complaint.

83.   The Mandate violates the First and Fifth Amendments to the United States Constitution as set forth in this complaint.

84.   Defendants, in promulgating the Mandate, failed to consider the constitutional and statutory implications of the Mandate on for-profit employers such as Plaintiffs.

85.   The Mandate and Defendants' actions are arbitrary and capricious, not in accordance with law or required procedure, and contrary to constitutional right, in violation of the Administrative Procedure Act, 5 U.S.C. § 706(2).

86.   Absent injunctive and declaratory relief against the Mandate, Plaintiffs are suffering and will continue to suffer irreparable harm, and they request the relief set forth below in their prayer for relief.

**PRAYER FOR RELIEF**

87.   Plaintiffs repeat and re-allege all allegations made above and incorporate those allegations herein by reference, and Plaintiffs request that this court grant them the following relief and enter final judgment against Defendants and in favor of Plaintiffs:

A.   Enter a declaratory judgment that the Mandate and Defendants' enforcement of the Mandate against Plaintiffs violate the Religious Freedom Restoration Act;

B.   Enter a declaratory judgment that the Mandate and Defendants' enforcement of the Mandate against Plaintiffs violate the Free Exercise Clause of the First Amendment to the United States Constitution;

C.   Enter a declaratory judgment that the Mandate and Defendants' enforcement of the Mandate against Plaintiffs violate the Free Speech Clause of the First Amendment to the United States Constitution;

D.   Enter a declaratory judgment that the Mandate and Defendants' enforcement of the Mandate against Plaintiffs violate the Equal Protection guarantee of the Fifth Amendment;

E.   Enter a declaratory judgment that the Mandate and Defendants' enforcement of the Mandate against Plaintiffs violate the Administrative Procedure Act;

F.   Enter preliminary and permanent injunctions prohibiting Defendants, their officers,

agents, servants, employees, successors in office, attorneys, and those acting in active concert or

participation with them, including any insurance carriers or third party insurance plan

administrators with whom Plaintiffs may contract for employee health benefits, from applying

and enforcing against Plaintiffs the Mandate and any related regulations, rules, statutes, laws,

penalties, fines, or assessments, and prohibiting Defendants, their officers, agents, servants,

employees, successors in office, attorneys, and those acting in active concert or participation

with them from applying and enforcing the Mandate against any insurance carriers or third party

plan administrators with whom Plaintiffs may seek to contract with respect to the provision or

administration of an employee health plan for Plaintiffs' employees;

      G.  Award Plaintiffs their costs and attorney's fees associated with this action; and

      H.  Award Plaintiffs any further relief this court deems equitable and

just.

Respectfully submitted on this 22nd day of October, 2013,


| | s/ Colby M. May |
|---|---|
| Mark T. Hayden (OH Bar No. 0066162)* | Colby M. May (D.C. Bar No. 394340) |
| John B. Nalbandian (OH Bar No. 0073033)* | American Center for Law & Justice |
| Matthew D. Lawless (OH Bar. No. 0090281)* | 201 Maryland Avenue, N.E. |
| Taft Stettinius & Hollister LLP | Washington, D.C. 20002 |
| 425 Walnut Street, Suite 1800 | Tel. 202-546-8890; Fax. 202-546-9309 |
| Cincinnati, OH 45202 | cmmay@aclj-dc.org |
| (513) 357-9634 | |
| (513) 381-0205 (fax) | |
| mhayden@taftlaw.com | |
| nalbandian@taftlaw.com | |
| mlawless@taftlaw.com | *Attorneys for Plaintiffs The C.W. Zumbiel Co., Robert W. Zumbiel, and Thomas J. Zumbiel* |
| * Pro Hac Vice applications forthcoming | |